```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

KEITH RUSSELL JUDD,                )
        Plaintiff,                 )
                                   )
        v.                         )    C.A. No. 06-10172-PBS
                                   )
UNITED STATES,                     )
        Defendant.                 )
```

MEMORANDUM AND ORDER
May 5, 2010

SARIS, D.J.

### I. INTRODUCTION

On April 13, 2010, this case was reassigned from Senior Judge Morris E. Lasker (deceased), to the undersigned. In view of the reassignment, this Court has reviewed the record in its entirety in order to resolve the pending motions.

The relevant background is as follows. On January 24, 2006, plaintiff Keith Russell Judd ("Judd") filed a Complaint for monetary damages under the Tucker Act, asserting unjust imprisonment in connection with his federal conviction arising out of the United States District Court for the Western District of Texas. Judd failed to pay the filing fee but sought a waiver thereof by filing a Motion for Leave to Proceed *in forma pauperis.*

On February 6, 2006, Judge Lasker denied Judd's Motion for Leave to Proceed *in forma pauperis* based on the finding that Judd was ineligible for *in forma pauperis* status because he was a three-strikes prisoner under 28 U.S.C. § 1915(g)(having had three or more cases dismissed as frivolous, malicious, or for failure

to state a claim upon which relief may be granted).  In light of the denial, Judd was directed to pay the $250.00 filing fee for civil actions.  See Memorandum and Order (Docket No. 2).

Judd failed to comply with the Court's Order to pay the filing fee, and on March 23, 2006, Judge Lasker dismissed this action, and also denied Judd's Motion for Reconsideration (Docket No. 10) challenging the denial of his *in forma pauperis* request. See Memorandum and Order of Dismissal (Docket No. 13), and Order for Dismissal (Docket No. 14).  Judge Lasker's Memorandum and Order provided that should Judd seek to re-file this action, he must pay the $250.00 filing fee up front.

Thereafter, on July 12, 2006 and October 4, 2006, the United States Court of Appeals for the First Circuit dismissed Judd's appeals and affirmed Judge Lasker's dismissal denying him *in forma pauperis* status.  See Mandates (Docket Nos. 17 and 19, respectively).

Months later, on March 19, 2007, Judd filed a Motion for Relief from Judgment and for Transfer to the Federal Court of Claims (Docket No. 20), which Judge Lasker denied with prejudice on March 21, 2007.  See Order (Docket No. 21).

Notwithstanding the dismissal of this action and his appeals, and the denial of his subsequent attempts to reinstate this action, Judd continues to seek to pursue his claims further and obtain other relief.  On January 23, 2009, Judd filed a

Motion to Reinstate Case because the filing fee was paid (Docket No. 22), and a Motion for Leave to Appeal *Pro Se* (Docket No. 23). More than one year later, on April 9, 2010, Judd filed a Motion for Relief from Judgment or Order to Correct the Record that there is no Federal Felony Conviction or Sentence (Docket No. 24).  On April 19, 2010, Judd filed a Memorandum in Support (Docket No. 25).

His recent pleadings are not entirely coherent; however, from what can be gleaned, Judd alleges that in 2010, the Supreme Court denied both his petition for rehearing and his petition for writ of certiorari with respect to his challenges to his federal criminal conviction.  He also contends that the State of New Mexico has jurisdiction and custody over him and that the federal district court lacked jurisdiction over his criminal case until the New Mexico State Court finished with the state criminal case. Finally, he claims that there is no federal felony conviction or sentence, and the district court record is missing or destroyed.

## II. DISCUSSION

A.   The Motions to Reopen or for Relief from Judgment

In view of the history of this case, Judd's most recent motions for relief from judgment -- in the form of a Motion to Reinstate Case (filed in 2009), and later in the form of a Motion for Relief from Judgment (filed in 2010) -- clearly are untimely, having been filed years after this case was closed in the

district court, and years after his appeal was dismissed. Moreover, Judd's prior attempt to reopen this case post-dismissal was denied by Judge Lasker <u>with</u> <u>prejudice</u>.

Judd's 2009 Motion to Reinstate Case, based on the post-dismissal payment of the filing fee, does not serve as a basis to re-open this action.  First, whether or not Judd paid the filing fee post-dismissal is not germane, as he failed to pay the filing fee in a timely manner as directed by Judge Lasker, particularly where Judge Lasker's Order provided that he could re-file (not reinstate) this action upon payment of the filing fee up front. Second, as a factual matter, Judd failed to provide any evidence that he actually did pay the filing fee for <u>this</u> action as alleged.  Although Judd may have made payments toward the filing fee in other civil actions or habeas actions, the records of this Court do <u>not</u> indicate receipt of any payment of the filing fee for this civil action.

More importantly, however, Judd fails to present any reasonable justification for re-opening this closed case at this time.  The recent Supreme Court denials of his petitions do not provide a basis to permit Judd further opportunities to challenge his criminal conviction.  To the extent that Judd is seeking to expunge any record of a felony conviction or sentence in <u>United States v. Judd</u>, No. MO-98-CR-093 in the United States District Court for the Western District of Texas, he may not obtain

4

§ 2255-type relief in this action.  He has repeatedly and unsuccessfully raised such challenges in other courts, and may not use this action to circumvent the limitations on § 2255 motions.

As an additional ground for rejecting Judd's motions for relief, the Court considers that re-opening this action would be futile for a number of reasons.  The District of Massachusetts is not the proper venue for this action, as there is no connection whatsoever between Judd and the District of Massachusetts, or any federal officials or employees allegedly responsible for his wrongful imprisonment.  Next, as noted by the Administrative Office of the United States Courts in its 2005 denial of Judd's administrative tort claim arising out of his sentencing, his claims arise entirely from the performance of official duties integral to the judicial process, and thus the United States has absolute immunity from liability.  Further, to the extent he claims his constitutional rights were violated, the claims are excluded from coverage under the Federal Tort Claims Act, 28 U.S.C. § 2679(b)(2).  See Letter (Docket No. 1 at 3).  To the extent that Judd seeks monetary damages for unlawful imprisonment or other relief that would necessarily invalidate his criminal conviction, his Complaint fails to state a claim upon which relief may be granted because his federal tort claims are barred by the Favorable Termination Rule of Heck v. Humphrey, 512 U.S.

477 (1994) and its progeny.[1]

Finally, judges have found Judd to be an abusive litigant, substantially wasting the judicial resources of the Clerk's Office and the Court.  See Judd v. Bailey, Civil Action No. 02-12375-JLT, Electronic Order dated February 2, 2006.  Judge Lasker, in his Memorandum and Order in this action (Docket No. 2), similarly found Judd's pleading practices to be intolerable, and entered an order prohibiting Judd from filing any further pleadings in this Court that did not directly relate to the claims in this Complaint (for damages under the Tucker Act for alleged unjust imprisonment).  He also ordered that any future pleadings by Judd contain a certification that they directly relate to this action, along with a brief explanation supporting the certification.  Judd was also directed to file a list of all

---

[1]Under the "Favorable Termination Rule":

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87 (footnote omitted).  The Favorable Termination Rule has been extended to a wide variety of prisoner challenges where success would necessarily imply the invalidity of the deprivation.  See Edwards v. Balisok, 520 U.S. 641, 646 (1997).

other cases and docket numbers in which he filed, in substance, the identical pleading. Memorandum and Order (Docket No. 2 at 8). Judd has not provided a certification that his pleading directly relates to the instant action, as required by Judge Lasker, or a list of other cases in which he filed the same pleading.

Chief Judge Wolf also has found Judd to be an abusive litigant, and has enjoined him from filing any further pleadings or new cases unless he first filed a written motion seeking leave of court to do so, along with a copy of the Order and a certification under oath that there was a good faith basis for the filing. See Judd v. O'Neill, C.A. 03-40145-MLW (Order dated June 6, 2006 (Docket No. 74)).

Without belaboring the matter, the Court finds Judd's requests to reopen this case to be a continuation of his abusive pleading practices. His arguments do not raise any new, *bona fide* basis for granting Judd the relief sought in any fashion.

Accordingly, Judd's Motion to Reinstate Case because the filing fee was paid (Docket No. 22) and his Motion for Relief from Judgment or Order to Correct the Record that there is no Federal Felony Conviction or Sentence (Docket No. 24), are both DENIED with prejudice. Judd is prohibited from filing any further pleadings in this closed action seeking any type of relief from the District Court of the Judgment in this case.

B.      The Motion for Leave to Appeal *In Forma Pauperis*

With respect to Judd's Motion for Leave to Appeal *in forma pauperis* (Docket No. 23), this Court finds the request to be untimely and unsupported by any basis. As noted by Judge Lasker, Judd is a three-strikes litigant and therefore is statutorily ineligible for *in forma pauperis* status on appeal, pursuant to 28 U.S.C. § 1915(g). Thus, this Court is powerless to grant the relief requested.

Although Judd alleges "imminent danger" in the body of his motion as a way to circumvent the application of the three-strikes rule, such allegation is unsupported by any facts and, in any event, has no rational relation to his claim for damages for unjust imprisonment pursuant to the Tucker Act. In order to invoke the exception of the three-strikes rule, two elements must be met: the harm must be <u>imminent</u> and the claim for relief asserted must be for the <u>alleviation</u> of that threat of harm. <u>Judd v. Federal Election Com'n</u>, 311 Fed. Appx 730 (5th Cir. 2009)(rejecting Judd's *in forma pauperis* application, stating: "It is true that Section 1915(g) allows for an exception to the three-strike rule if the prisoner complaint alleges that he is under imminent danger of serious physical injury. Although it may be true that [the prisoner] is now under such a threat both from his medical condition and fellow prisoners, neither of those threats is related to his complaint."). See <u>Polanco v. Hopkins</u>,

8

510 F.3d 152, 155 (2d Cir. 2007)(finding no error by the district court in determining prisoner's allegations (relating to health risks associated with his exposure to mold or as to his claim of unjust discipline) did not support a determination that he was in imminent danger under 1915(g)); Martin v. Crosby, 219 Fed. Appx. 599 (8th Cir. 2007) (unpublished disposition; allegation by prisoner of risk of sexual assaults and unwarranted strip searches were baseless, and district court was alerted by the appellate court to require prisoner to demonstrate that he "is truly in imminent danger" before being allowed to proceed *in forma pauperis*); Abdul-Akbar v. McKelvie, 239 F.3d 307, 313, 315 (3d Cir. 2001)(holding prisoner may invoke the imminent danger exception to 1915(g) only to seek relief from a danger which is imminent at the time the complaint is filed; stating "Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms").[2]  To the extent Judd

---

[2] See also Moore v. Thacker, 2008 WL 4543054 (N.D. Cal. 2008)(dismissing action without prejudice to seeking to reopen, where plaintiff was not seeking relief from a danger of serious physical injury which was "imminent" at the time of filing); Davis v. Lawrenceville Corr. Center, 2008 WL 842457, *1 (W.D. Va. 2008)(finding plaintiff failed to allege any manner in which deprivation of his television set and/or its monetary value places him in any imminent danger of physical harm whatsoever); Bowler v. Kendrick, 2008 WL 686742 (W.D. Va. 2008) (finding that plaintiff's allegations concerning the occasional denial of showers and recreation failed to show in any manner that he was placed in imminent danger of physical harm sufficient for *in forma pauperis* under § 1915(g)); Edwards v. Rooney, 2007 WL 4106394 *1 (W.D. Va. 2007)(finding plaintiff's allegations related to the homosexual behavior of others did not allege any

is seeking leave to proceed *in forma pauperis* to rectify any alleged imminent danger, this closed action is not the lawsuit in which to do so.

Finally, the typewritten form used by Judd to assert his request appears to be a template for filing the same request in other courts across this country (*i.e.*, Judd simply inserts the name of the Court and the case number).  Again, Judd failed to comply with Judge Lasker's directives in his Memorandum and Order (Docket No. 2) to file a certification and a list of all other cases in which he filed, in substance, the identical pleading.

For all of these reasons, Judd's Motion for Leave to Appeal *in forma pauperis* (Docket No. 23) is DENIED.

### III. CONCLUSION AND ORDER

---

facts indicating that he was in imminent danger of physical harm for purposes of § 1915(g)); Jones v. Hobbs, 2007 WL 3256946 (E.D. Ark. 2007) (finding plaintiff's allegations of a violation of the Religious Land Use and Incarcerated Persons Act and free exercise claims related to the denial of a specific diet, but did not amount to a claim that he was or is in imminent danger for purposes of § 1915(g)); Perry v. Mills, 2007 WL 2821803 (W.D. Va. 2007)(rejecting allegations that plaintiff was transferred to a different prison without due process and that he faced imminent danger of serious physical harm because he was denied the name-brand medication previously prescribed to him and because the ventilation system blows particles into his cell were insufficient for purposes of § 1915(g)); Watley v. Collins, 2006 WL 3422996, *5 (S.D. Ohio 2006)(danger claims concerning past events cannot support a claim of imminent physical danger; the imminent danger must relate to the claims in order to meet the exception of § 1915(g), citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001)(statutory interpretation of § 1915(g) requires that imminent danger is assessed at time the complaint is filed)).

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's Motion for Relief from Judgment (Docket No. 22) is <u>DENIED</u> <u>with</u> <u>prejudice</u>;

2. Plaintiff's Motion for Relief from Judgment or Order to Correct the Record that there is no Federal Felony Conviction or Sentence (Docket No. 24) is <u>DENIED</u> <u>with</u> <u>prejudice</u>.

3. Plaintiff's Motion for Leave to Appeal *in forma pauperis* (Docket No. 23) is DENIED; and

4. Plaintiff is ENJOINED from filing any further pleadings in this closed civil action.

The Clerk shall transmit a copy of this Memorandum and Order to the Clerk's Office for the United States Court of Appeals for the First Circuit.

SO ORDERED.

                                             /s/ Patti B. Saris
                                            PATTI B. SARIS
                                            UNITED STATES DISTRICT JUDGE